UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. ________________________________

TED DUKES,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.
_____________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, TED DUKES, is a citizen of Georgia.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Breeze*.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

**FACTS COMMON TO ALL COUNTS**

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Breeze.*

8. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Carnival Breeze*.

9. On or about February 23, 2016, the Plaintiff was a paying passenger aboard the *Carnival Breeze* vessel, which was in navigable waters.

10. On or about February 23, 2016, the Plaintiff was severely injured when he slipped and fell on a wet, slippery and/or hazardous flooring surface in or around Guy's Burger Joint on the Lido Deck.

**COUNT I – GENERAL NEGLIGENCE**

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

12. On or about February 23, 2016, Defendant and/or its agents, employees and/or crewmembers breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failure to maintain the subject area in a clean and dry condition; and/or

b. Failure to adequately and regularly inspect the subject area for wet and slippery conditions; and/or

c. Failure to adequately and regularly monitor the subject area to maintain it free of wet and slippery conditions; and/or

d. Failure to regularly and adequately clean the subject area; and/or

e. Failure to close off and/or place warning signs on or around the wet and slippery areas on the deck; and/or

f. Failure to instruct passengers and the Plaintiff concerning footwear; and/or

g. Failure to correct hazardous conditions following other slip and fall accidents on the same area, same deck and/or same flooring surface; and/or

h. Failure to utilize reasonably safe flooring surface in light of the anticipated purpose of the deck; and/or

i. Failure to have a non-slip or non-skid flooring surface on or around the subject area; and/or

j. Failure to place rubber mats or other non-slip coverings or substance on or around the subject area; and/or

k. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers and the Plaintiff.

13. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

14. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

15. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

**COUNT II – NEGLIGENT FAILURE TO WARN**

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

16. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

17. At all times material hereto, it was the duty of Defendant to warn passengers of dangers that were known, or reasonably should have been known, to Defendant in places where passengers are invited to or may reasonably be expected to visit.

18. On or about February 23, 2016, the Plaintiff was in or around in or around Guy's Burger Joint on the Lido Deck aboard the vessel, which is a place that the Plaintiff was invited to by Defendant and a place Defendant reasonably expected the Plaintiff to be in during the cruise.

19. On or about February 23, 2016, Defendant and/or its agents, employees and/or crewmembers breached its duty to warn the Plaintiff through the following acts and/or omissions:

a. Failure to warn the Plaintiff of the wet and slippery condition of the subject area; and/or

b. Failure to warn the Plaintiff of the risks and/or dangers associated with the wet and slippery condition of the subject area; and/or

c. Failure to warn passengers and the Plaintiff of other slip and fall accidents previously occurring on same area, same deck and/or same flooring surface.

20. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

21. At all times material hereto, the wet, slippery and/or hazardous flooring surface in or around in or around the Guy's Burger Joint on the Lido Deck amounted to dangerous conditions.

22. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected

and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

23. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: *<u>/s/ Jacqueline Garcell</u>*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 21, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Jacqueline Garcell*
**JACQUELINE GARCELL**
Florida Bar No. 104358